I see such difficulty in matters of fact that I will put it to a jury, I do not see any such difficulty. At all events there is not such matter that, sitting in a court of equity, I should send the case to a jury to determine. There was Mr. Baldwin's evidence which I suppose was intended to introduce a machine as actually existing, and going further than Shly's patent. Here was a machine actually in use which was like his. Mr. Baldwin describes a machine which was in use in 1839, and speaks of a roller which acted as a guard. Now if Mr. Baldwin had described that machine much more fully than he has —if he had described it so that his description would have accurately described Whipple's invention—I think there would be great difficulty in allowing that evidence to prevail against the patent—I mean to say that where the recollection of a witness, who, after the lapse of twenty-one years, is called to state that he has seen or used a certain machine, and then undertakes to describe it from memory without stating that he has had any thing to refresh his memory during that time, producing no model or drawing—I think it would be extremely hazardous upon such a recollection, to undertake to say that that machine was like the plaintiff's. There are so many errors to which a man honestly is liable that I think it would be extremely hazardous. Why, we see every day, when a machine is presented to experts, one set of witnesses will say that it is like the inventor's patent, and the other set will testify directly to the contrary. The one or other of them must be wrong. It is every day's experience that this is the case. Take the case of Howe's sewing machine. The Walter Hunt machine is sworn to, and if the recollection of the witnesses had been taken years before as to Hunt's invention, it would be certainly an invention exactly like Howe's. Experts were called—were rigidly examined, and it was very difficult to show that this machine was not like Howe's, except in this mode: it was averred that that machine would not make a continuous seam, and it was contended that Howe's would. This was the difference, and it shows that they were not the same. But there were oaths of witnesses that they were the same. But the stubborn fact that Hunt's machine would not work and that Howe's would, made the oaths of the witnesses as inoperative as the machine.

I recollect another case in reference to a saw-set. A witness testified to having used a saw-set, exactly like the one patented, before the date of the patent, and that he still had it at his house. He was told to produce it, and he brought it into court, and it had the maker's name on it who made the plaintiff's machine, and under the plaintiff's patent.

I name these cases to show how extremely hazardous it is, after many years, for a witness to state that any given machine is exactly like another machine. But in this case, there is a greater difficulty. Mr. Baldwin was produced to show that there was another machine, different from Shly's patent; otherwise, his evidence is worth nothing. He was a witness on the stand, in the case before the referee, and there he says his machine was the same as Shly's patent, and he is now brought to swear that it was something materially different. And it is a little singular, that, in the affidavit, it is first written that it is substantially like Shly's patent. The word "substantially" is erased, and the word "considerably" is used. I infer that the party defendants were not pleased with the word "substantially," and changed it for the word "considerably." I hardly think that Mr. Baldwin meant to say in this affidavit, that the machine he used was not, substantially the same as Shly's patent; and that although he has given a description of it, I think he himself would not say he considered it substantially different. In his former testimony, he said it was announced by Shly, as having been made according to his patent, and that he had compared it, and it was so.

I do not think, therefore, that either as to matters of fact or law, there has been any thing presented on this re-hearing which can affect the opinion I formerly expressed, and it seems to me that I must adhere to the result I formerly came to, that an injunction must be granted.

## Case No. 4,432.

EMACK v. CRABB.

[5 Cranch, C. C. 611.] [1]

Circuit Court, District of Columbia. Nov. Term, 1839.

Mr. May, for defendant.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Hellen, contra.

THE COURT (THRUSTON, Circuit Judge, absent) ordered the property to be returned, upon the usual security.

## Case No. 4,433.

### EMANUEL v. BALL.

[2 Cranch, C. C. 101.][1]

Circuit Court, District of Columbia. June Term, 1814.

THE COURT refused, and instructed the jury that he was not entitled to his freedom under the Maryland law of 1796, c. 67.

## Case No. 4,434.

### The EMBLEM.

[2 Ware (Dav. 61) 68.][2]

District Court, D. Maine. July 27, 1840.

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Edward H. Daveis, Esq.]